UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ACCEPTANCE INDEMNITY INSURANCE COMPANY,

                Plaintiff,

v.

CRAMMER OCONNER FIBER GENESIS,

                Defendant.

**MEMORANDUM & ORDER**
22-CV-01197 (HG) (RLM)

**HECTOR GONZALEZ**, United States District Judge:

    Plaintiff, an insurance company, filed this lawsuit seeking a declaratory judgment that it has no duty to defend or indemnify Defendant in tort litigation pending in Vermont state court. ECF No. 1 ¶ 2. Defendant failed to timely respond to Plaintiff's complaint, and the Clerk of Court entered Defendant's default pursuant to Rule 55(a). ECF No. 9. Plaintiff has now moved for a default judgment. ECF No. 10. The Court denies Plaintiff's motion and dismisses Plaintiff's complaint without prejudice—but without leave to amend—for lack of subject matter jurisdiction. As further explained below, Plaintiff has failed adequately to allege Defendant's state(s) of citizenship and therefore has failed to establish that the Court may exercise diversity jurisdiction over Plaintiff's claims.

## PROCEDURAL HISTORY

    Defendant allegedly worked on a project to install fiber optic cables near a farm in Vermont. ECF No. 1 ¶¶ 11–12. After that project, Plaintiff received notice that the owners of the farm, who are not parties to this lawsuit, intended to commence litigation against Defendant related to damage done by "lashing wire" that Defendant allegedly left behind. *Id.* ¶ 12. Defendant allegedly refused to cooperate with Plaintiff's attempt to investigate those claims. *Id.*

¶¶ 13–22.  Plaintiff further alleges that, once the farm owners filed a lawsuit against Defendant in Vermont state court, Defendant similarly refused to cooperate with Plaintiff's efforts to defend Defendant in that lawsuit.  *Id.* ¶¶ 23–29.

Plaintiff asserts that Defendant's failures to cooperate breached the parties' insurance agreement and that Plaintiff is therefore entitled to a declaratory judgment that it is no longer obligated to indemnify or defend Defendant in the Vermont litigation.  *Id.* ¶¶ 10, 31–34.  Plaintiff's claims are based exclusively on state law, and Plaintiff relies on diversity jurisdiction and the Declaratory Judgment Act as the basis for the Court's purported subject matter jurisdiction.  *Id.* ¶ 3.

Plaintiff commenced this case on March 4, 2022, and served Defendant with Plaintiff's complaint and a summons on March 10 through the New York Secretary of State.  ECF Nos. 1, 5.  Defendant's deadline to respond to Plaintiff's complaint was therefore March 31, but Defendant never responded, asked for an extension of its response deadline, or filed a notice of appearance.  *See* Fed. R. Civ. P. 12(a)(1)(A)(i).  Plaintiff eventually requested that the Clerk of Court take note of Defendant's failure to appear and enter Defendant's default.  ECF No. 6.

While Plaintiff's request for an entry of default was pending, the Court ordered Plaintiff to substantiate its basis for alleging that diversity jurisdiction existed.  ECF No. 7.  Plaintiff's complaint alleges that: (i) Plaintiff is a corporation organized under the laws of Nebraska with its principal place of business in Nebraska, and (ii) Defendant is a limited liability company organized under the laws of New York with its principal place of business in New York.  ECF No. 1 ¶¶ 5–6.  As a limited liability company, however, Defendant "takes the citizenship of all of its members" for the purpose of assessing diversity jurisdiction.  *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 615 (2d Cir. 2019).  The Court therefore ordered

2

Plaintiff to supplement the jurisdictional allegations in its complaint by "providing all information known to Plaintiff about Defendant's members and their state(s) of citizenship." ECF No. 7 at 2.

Plaintiff responded to the Court's order by explaining that "Plaintiff knows of only two individuals associated with Defendant Crammer OConner Fiber Genesis: Donavan OConner and Merna Crammer." ECF No. 8 at 1. Plaintiff believes that both Mr. O'Conner and Ms. Crammer reside in Brooklyn, New York. *Id.* Plaintiff admitted, however, that it did not know whether they are members of Defendant and, if so, whether they are Defendant's only members. *See id.* Plaintiff explained that because of Defendant's failure to cooperate with the litigation in Vermont state court, "Plaintiff has been unable to obtain information from Defendant regarding . . . its individual member(s)," and that Plaintiff's search of "[p]ublicly available information . . . d[id] not identify individual members of Defendant." *Id.*

The Clerk of Court ultimately entered Defendant's default pursuant to Rule 55(a). ECF No. 9. Plaintiff moved for a default judgment and, per the Court's instruction, served copies of the Clerk's certificate of default and Plaintiff's motion papers by methods other than the New York Secretary of State. *See* ECF No. 12. Specifically, Plaintiff provided those documents to someone at an address believed to be Defendant's principal office and also sent copies to that address by Federal Express and regular mail. ECF Nos. 12-1, 12-2, 12-3. Despite these multiple methods of service, Defendant has not appeared to oppose the default judgment. Plaintiff's default judgment motion does not address subject matter jurisdiction or attempt to explain why the allegations in Plaintiff's complaint and its response to the Court's order to show cause are sufficient to establish diversity jurisdiction. *See* ECF No. 10-1.

## **LEGAL STANDARD**

The Court's "decision to enter a default against [D]efendant[] does not by definition entitle [P]laintiff[] to an entry of a default judgment. Rather, the [C]ourt may, on [P]laintiff['s] motion, enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true." *Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015). When deciding a default judgment motion, the Court must accept as true all of the allegations in Plaintiff's complaint related to liability. *Id.* at 188. Defendant's default, however, "is not considered an admission of damages." *Id.* at 189. Instead, Plaintiff must demonstrate that there is "an evidentiary basis for the damages sought." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012). Although Rule 55 provides that the Court "may conduct hearings" to decide the issue of damages, *see* Fed. R. Civ. P. 55(b)(2), the rule "does not require the district judge to conduct a hearing." *Bricklayers*, 779 F.3d at 189. Instead, the decision to conduct a hearing is left "to the sound discretion of the district court." *Cement & Concrete Workers*, 699 F.3d at 233.

"As federal courts have limited jurisdiction, it is 'presume[d] that federal courts lack jurisdiction unless the contrary appears affirmatively from the record.'" *Wynston Hill Cap., LLC v. Crane*, No. 21-cv-8398, 2022 WL 4286608, at *2 (S.D.N.Y. Sept. 16, 2022) (quoting *Renne v. Geary*, 501 U.S. 312, 316 (1991)) (alteration in original). "[S]ubject-matter jurisdiction cannot be forfeited, waived, or conferred by consent of the parties." *Platinum-Montaur*, 943 F.3d at 617. Rule 12 therefore commands that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Plaintiff, as the party invoking the Court's jurisdiction, has the burden of "prov[ing] jurisdiction by a

4

preponderance of evidence," and the Court "may *sua sponte* delve into the issue of whether there is a factual basis to support subject-matter jurisdiction." *Platinum-Montaur*, 943 F.3d at 616–17 (internal quotation marks omitted).

"In enacting the Declaratory Judgment Act, Congress enlarged the range of remedies available in the federal courts but did not extend their jurisdiction." *Leopard Marine & Trading, Ltd. v. Easy Street, Ltd.*, 896 F.3d 174, 181 (2d Cir. 2018) (internal quotation marks omitted). "Accordingly, 'there must be an independent basis of jurisdiction before a district court may issue a declaratory judgment.'" *Limtung v. Thomas*, No. 19-cv-3646, 2021 WL 4443710, at *9 (E.D.N.Y. Sept. 28, 2021) (quoting *Correspondent Servs. Corp. v. First Equities Corp.*, 442 F.3d 767, 769 (2d Cir. 2006)).

These jurisdictional principles apply with equal force when a plaintiff moves for default judgment, at which point "a district court is obligated to consider *sua sponte* whether subject matter jurisdiction exists." *Mitchell v. Brownie*, No. 19-cv-6393, 2021 WL 1131560, at *2 (E.D.N.Y. Mar. 5, 2021), *report and recommendation adopted*, 2021 WL 1124602, at *1 (E.D.N.Y. Mar. 24, 2021). If the Court finds that diversity jurisdiction is lacking, it therefore "lacks subject matter jurisdiction and the ability to grant default judgment." *Windward Bora, LLC v. Ortiz*, No. 21-cv-4154, 2022 WL 3648622, at *3 (E.D.N.Y. July 5, 2022), *report and recommendation adopted*, 2022 WL 3647586, at *2 (E.D.N.Y. Aug. 24, 2022). Any such dismissal must be without prejudice because "[w]hen a case is dismissed for lack of federal subject matter jurisdiction, Article III deprives federal courts of the power to dismiss the case with prejudice." *Scripts Wholesale, Inc. v. Mainspring Distrib. LLC*, No. 21-1775-cv, 2022 WL 1553038, at *2 (2d Cir. May 17, 2022) (quoting *Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 121 (2d Cir. 2017)).

5

## DISCUSSION

A "conclusory" allegation that a limited liability company defendant—or any type of defendant—"is a citizen of a different state" than the plaintiff "is insufficient to show that the diversity requirement is met." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016). Pursuant to this directive from the Second Circuit, "[d]istrict courts in this Circuit regularly hold that allegations that a party is a citizen of a different state, or that none of the members of a defendant limited liability company are citizens of the same state as the plaintiff, are insufficient to invoke diversity jurisdiction." *Kenshoo, Inc. v. Aragon Advert., LLC*, 586 F. Supp. 3d 177, 180–82 (E.D.N.Y. 2022) (dismissing case "for failure to properly plead subject matter jurisdiction").

Plaintiff has essentially made this same type of allegation when the complaint is read in conjunction with Plaintiff's response to the Court's order to show cause. Plaintiff has alleged that: (i) it is a citizen of Nebraska; (ii) Defendant's business is based in New York; and (iii) the only people Plaintiff knows to be associated with Defendant are citizens of New York. ECF No. 1 ¶¶ 4–7; ECF No. 8 at 1. From these allegations, Plaintiff is inviting the Court to infer that it is unlikely that any of Defendant's members are citizens of Nebraska. That may be true, but without knowing Defendant's members, it is ultimately nothing more than an educated guess, and "[P]laintiff cannot guess at a defendant's citizenship in bringing an action in federal court." *Kenshoo*, 586 F. Supp. 3d at 181.

The Court may not infer that Mr. O'Conner and Ms. Crammer, who appear to be citizens of New York, are Defendant's only members simply because they are the principal employees of what appears to be a relatively small company. *U.S. Liab. Ins. Co. v. M. Remodeling Corp.*, 444 F. Supp. 3d 408, 410–11 (E.D.N.Y. 2020) (dismissing case "for lack of subject matter

6

jurisdiction"). Even "a small business with one employee may nonetheless have shared ownership," so Defendant may have numerous members with an ownership interest in the company whose identities are unknown to Plaintiff and the Court. *Id.* at 410.  Similarly, the Court may not infer that any additional members are also citizens of New York based "solely on the fact that [Defendant] conduct[s] business in New York." *Flemming v. Port Auth. of N.Y. & N.J.*, No. 21-cv-1112, 2021 WL 878558, at *2 (E.D.N.Y. Mar. 9, 2021) (second alteration in original) (dismissing case "for lack of subject matter jurisdiction").

Plaintiff's complaint also fails to allege adequately that the amount in controversy requirement for diversity jurisdiction is satisfied.  Plaintiff's citations to the monetary limits of Defendant's insurance policy, coupled with the conclusory assertion that the amount in controversy exceeds $75,000, are insufficient to establish jurisdiction.  *Unique Crating & Shipping Corp. v. U.S. Underwriters Ins. Co.*, No. 20-cv-4952, 2020 WL 6927619, at *1 (E.D.N.Y. Oct. 26, 2020), *report and recommendation adopted*, 2020 WL 6902385, at *1 (E.D.N.Y. Nov. 24, 2020); *see* ECF No. 1 ¶¶ 3, 9.  "[I]n such cases involving the applicability of an insurance policy to a particular occurrence, the jurisdictional amount in controversy is measured by the value of the underlying claim – not the face amount of the policy." *Unique Crating*, 2020 WL 6927619, at *1 (internal quotation marks omitted).  Since Plaintiff has not provided the Court with a copy of the complaint at issue in the Vermont litigation or described the damages alleged by the plaintiffs in that action, Plaintiff has failed to plead the amount in controversy related to its duties to indemnify and defend Defendant. *See id.* at *2 (*sua sponte* remanding removed declaratory judgment action to state court).

This case no doubt illustrates the difficulty of bringing state law claims against privately-owned limited liability companies in federal court—especially where, as here, Defendant has not

7

appeared and answered Plaintiff's jurisdictional allegations. The outcome does not, however, prevent Plaintiff from having its claims adjudicated because Plaintiff's claims regarding the interpretation of an insurance contract are "the kind of routine claim determined in state courts and the New York state courts in particular every day." *U.S. Liability Ins. Co.*, 444 F. Supp. 3d at 411. Plaintiff knows this because after commencing this lawsuit, it filed a separate lawsuit against Defendant in New York Supreme Court to collect unpaid insurance premiums and acquired a default judgment in less than three months. *See Acceptance Indemnity Ins. Co. v. Crammer OConners Fiber Genesis*, No. 515511/2022 (N.Y. Sup. Ct. Kings Cnty.) (NYSCEF Nos. 1 & 8).[1] There was (and is) no obstacle to Plaintiff obtaining a similarly expedient resolution of the claims at issue in this case because, like the federal courts, New York authorizes its courts to grant declaratory judgments related to issues like contract interpretation. *See* N.Y. C.P.L.R. § 3001. Under these circumstances, "[t]here is no reason to stretch the requirements for subject matter jurisdiction when [P]laintiff can walk across the street (literally) and have the same law applied to its claims that would be applied here." *Kenshoo*, 586 F. Supp. 3d at 182.

The Court will not permit Plaintiff an opportunity to amend its complaint to attempt to augment its jurisdictional allegations. The Court recognizes that when a plaintiff initially fails adequately to allege a party's citizenship, courts often give the plaintiff an opportunity to file an amended complaint. *See, e.g.*, *Corniel v. Titech*, No. 17-cv-2551, 2020 WL 1480448, at *5 (E.D.N.Y. Mar. 6, 2020), *report and recommendation adopted*, 2020 WL 1472442, at *1 (E.D.N.Y. Mar. 26, 2020); *Falls Lake Nat'l Ins. Co. v. DNA Plumbing Contractors, Inc.*, No. 20-cv-2798, 2021 WL 2702571, at *2 (E.D.N.Y. July 1, 2021). In many cases, this is the proper

---

[1] The Court may take judicial notice of dockets from other courts' proceedings because they are public records. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006).

approach, because "[t]he Second Circuit will 'generally afford an opportunity for amendment' of the pleadings 'to cure defective jurisdictional allegations unless the record clearly indicates that the complaint could not be saved by any truthful amendment.'" *IndyMac Venture, LLC v. Mulligan*, No. 15-cv-7057, 2019 WL 4648419, at *2–4 (E.D.N.Y. Aug. 30, 2019) (quoting *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 65 (2d Cir. 2009)), *report and recommendation adopted*, 2019 WL 4647222, at *1 (E.D.N.Y. Sept. 24, 2019).

The jurisdictional defects in this case—particularly regarding diversity of citizenship—cannot be cured through a truthful amendment. Plaintiff's response to the Court's order to show cause makes clear that Plaintiff "does not possess specific information regarding the members of Defendant" and has exhausted its ability to collect such information through publicly available means. ECF No. 8 at 1. If Plaintiff were writing on a blank slate, it may have been sufficient to allege the identity of Defendant's members and their citizenship "[u]pon information and belief" based on the limited information available to Plaintiff about Defendant's operations. *See 56 Willoughby A LLC v. Zhang*, No. 20-cv-3973, 2021 WL 3622084, at *4 (E.D.N.Y. July 27, 2021) (alteration in original) (holding that such allegations were sufficient to establish the defendant's citizenship "and thereby to establish diversity jurisdiction"), *report and recommendation adopted*, 2021 WL 3617671, at *1 (E.D.N.Y. Aug. 16, 2021). But such an allegation would be unacceptable at this stage because it would be inconsistent with Plaintiff's frank disavowal of such knowledge. Dismissal without leave to amend is therefore appropriate because any "amendment would be futile" in light of Plaintiff's prior response. *Oppedisano v. Zur*, No. 20-cv-5395, 2022 WL 4134436, at *4 (S.D.N.Y. Sept. 12, 2022) (dismissing complaint and denying leave to amend). The fact that the Court flagged the jurisdictional issue prior to Plaintiff's

9

motion for default judgment—and has therefore already given Plaintiff an opportunity to address it—further supports "that granting leave to amend is not warranted here." *Wynston Hill Cap.*, 2022 WL 4286608, at *4 (dismissing case for lack of subject matter jurisdiction under such circumstances).

## **CONCLUSION**

For the reasons described above, the Court denies Plaintiff's motion for default judgment, *see* ECF No. 10, and dismisses Plaintiff's complaint for lack of subject matter jurisdiction, without prejudice to Plaintiff refiling its claims in an appropriate state court. The Clerk of Court is respectfully directed to enter judgment and to close this case.

SO ORDERED.

                                                             */s/ Hector Gonzalez*
                                                             HECTOR GONZALEZ
                                                             United States District Judge

Dated: Brooklyn, New York
        October 24, 2022